IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| WILLIAM J.R. EMBREY, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 13-5018-CV-SW-ODS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER DISMISSING PETITION FOR WRIT OF ERROR CORAM NOBIS WITHOUT PREJUDICE

Petitioner has filed a Petition for Writ of Error Coram Nobis to challenge his 1980 conviction for kidnapping. The petition is dismissed as a second or successive petition barred by 28 U.S.C. §§ 2244 and 2255.

Petitioner was convicted on one count of armed bank robbery in violation of the Federal Bank Robbery Act ("FBRA") and one count of kidnapping in violation of the Federal Kidnapping Act ("FKA"). His conviction was affirmed on direct appeal. Petitioner then sought postconviction relief under 28 U.S.C. § 2255, but his request for relief was denied. He appealed, and a panel of the Eighth Circuit reversed the denial of relief after concluding the FKA conviction could not stand. The Eighth Circuit then heard the matter en banc, vacated the panel's opinion, and affirmed the district court's denial of postconviction relief. Embrey v. Hershberger, 131 F.3d 739, 739-40 (8th Cir. 1997) (en banc), cert. denied, 525 U.S. 828 (1998).

Meanwhile, Petitioner had been released on bond. His bond was revoked and a warrant was issued for his arrest. He was eventually stopped in a car containing weapons in the trunk, and he was charged with being a felon in possession of a firearm. He pleaded guilty and was sentenced to 262 months imprisonment; the conviction was affirmed on appeal. United States v. Embrey, 250 F.3d 1181, 1182-83 (8th Cir. 2001), cert. denied 538 U.S. 953 (2003).

Petitioner has filed what he has entitled a Petition for a Writ of Error Coram Nobis, challenging the FKA conviction on the grounds expressed in the now-vacated panel opinion. The body of his filing also makes clear that Petitioner intends to file a Petition for Writ of Coram Nobis, so the Court will treat it as such even though he has captioned the case incorrectly.

A Writ of Coram Nobis is a form of collateral attack on a conviction that is viable if the petitioner is not in federal custody. E.g., Wall v. Kholi, 131 S. Ct. 1278, 1284-85 (2011) (describing writ of coram nobis as a collateral attack and differentiating it from direct appeal); United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000) (per curiam) (writ of coram nobis is not available to federal prisoner). Petitioner contends he is not a federal prisoner because he has "finished" serving the kidnapping sentence. Even if Petitioner's reasoning is correct, his Petition must be dismissed because it constitutes a second or successive collateral proceeding.

A second or successive collateral proceeding cannot be initiated in district court unless the Court of Appeals has first given permission. 28 U.S.C. § 2255 (referencing 28 U.S.C. § 2244). When a second or successive proceeding is initiated without the Court of Appeals' permission, the proceeding must be dismissed. The Eighth Circuit has consistently held that this statutory command cannot be circumvented through the use of a Petition for Writ of Coram Nobis. E.g., Katz v. United States, 2012 WL 5974456 (8th Cir. Nov. 30, 2012); Noske, 235 F.3d at 406; United States v. Camacho-Bordes, 94 F.3d 1168, 1173 (8th Cir. 1996). Petitioner is not only filing a second or successive collateral attack, but he is raising the same issue that was rejected in a previous collateral proceeding. The Court is required to dismiss the Petition; the dismissal is without prejudice to Petitioner's right to seek the necessary permission from the Court of Appeals.
IT IS SO ORDERED.

DATE: March 7, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

2

Case 3:13-cv-05018-ODS   Document 2   Filed 03/07/13   Page 2 of 2